THE PEOPLE *ex rel.* County Collector of Massac County, Appellee, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 17, 1912.*

TAXES—*what items of county and city taxes are not saved from reduction as the "road and bridge" taxes.* The "road and bridge taxes" which section 2 of the amended Revenue law excludes from reduction and from the consideration of the county clerk in determining what taxing district has the highest aggregate rate per cent of taxes, are those, only, which are authorized by statute to be levied under the express designation of "road and bridge taxes" and separately certified to the county clerk to be extended as such, and the term does not include an item of the county tax based upon an appropriation for roads and bridges or an item of a city tax based upon an appropriation for streets, alleys and sidewalks.

APPEAL from the County Court of Massac county; the Hon. WILLIAM F. SMITH, Judge, presiding.

COURTNEY, HELM & HELM, for appellant.

FRED SMITH, State's Attorney, and H. A. EVANS, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This appeal is prosecuted by the Illinois Central Railroad Company from a judgment of the county court of Massac county overruling appellant's objections to a portion of the county tax extended against its property in Massac county and rendering judgment against such property for the alleged delinquent taxes, amounting to $168.03.

The controversy arises over the construction of section 2 of an act entitled "An act concerning the levy and extension of taxes," approved May 9, 1901, in force July 1, 1901, as amended by an act approved June 14, 1909, in force July 1, 1909, being paragraph 343*b* of chapter 120 of Hurd's Statutes of 1911. Section 1 of the act provides

that if the amount of any tax certified to the county clerk for extension shall exceed the maximum allowed by law, such excess shall be disregarded and the residue, only, treated as the amount certified for extension. Section 2, *supra,* after providing that the county clerk shall ascertain the rates per cent required to be extended to produce the amounts certified for extension by the taxing authorities in the county, provides that if the aggregate of all the taxes (exclusive of "State taxes, village taxes, levee taxes, school building taxes, high school taxes, road and bridge taxes," etc.,) certified to be extended against any property in any part of any taxing district or municipality shall exceed three per cent of the assessed valuation thereof, the county clerk shall reduce the rate per cent of the tax levy of such taxing district or municipality in the same proportion in which it would be necessary to reduce the highest aggregate per cent of all the tax levies (exclusive of "State taxes, village taxes, levee taxes, school building taxes, high school taxes, road and bridge taxes," etc.,) certified for extension upon any of the taxable property in said taxing district or municipality to bring the same down to three per cent of the assessed value of the taxable property.

The county clerk determined that the highest aggregate per cent of all tax levies (exclusive of those not subject to reduction) certified for extension upon any of the taxable property in Massac county was that certified for extension upon the taxable property of the city of Brookport, and reduced the rate per cent of the tax levy for county purposes in the same proportion that he found it necessary to reduce the aggregate per cent of all tax levies (exclusive of those not subject to reduction) certified for extension upon the taxable property of the city of Brookport to bring the same down to three per cent of the assessed value of the taxable property in that city. Appellant contends that the highest aggregate per cent of all tax levies (exclusive of those not subject to reduction) certified for extension upon

any of the taxable property in the county was that certified
for extension upon the taxable property of the city of Me-
tropolis, and that had the county clerk reduced the rate per
cent of the tax levy for county purposes in the same pro-
portion that it was necessary to reduce the aggregate rate
per cent of all tax levies (exclusive of those not subject to
reduction) certified for extension upon the taxable property
of the city of Metropolis to bring the same down to three
per cent of the assessed value of the taxable property in
that city, the rate per cent of the tax levy for county pur-
poses would have been reduced to sixty-three cents, instead
of seventy cents, on each $100 valuation of taxable prop-
erty in Massac county, the latter being the rate used by the
county clerk in extending the county taxes, which increased
the amount extended against appellant's property $168.03
over and above the amount which would have been pro-
duced had the county taxes been extended at the rate of
sixty-three cents on the $100 valuation.

Whether the county clerk correctly determined that the
highest aggregate rate per cent of all tax levies upon any
of the property in Massac county was that certified for ex-
tension upon the taxable property in the city of Brookport,
or whether the appellant is right in its contention that the
highest aggregate rate per cent of all tax levies upon any
of the property in said county was that certified for exten-
sion upon the taxable property in the city of Metropolis,
depends entirely upon the question whether an appropria-
tion for roads and bridges by the county commissioners of
a county not under township organization and an appro-
priation for streets, alleys and sidewalks by the city council
of a city, and subsequent levies based upon those appro-
priations, are road and bridge taxes within the meaning
of that portion of said section 2 which provides that the
county clerk shall exclude "road and bridge taxes" in de-
termining whether, and to what extent, the aggregate of
all tax levies certified for extension upon the taxable prop-

erty in any taxing district or municipality exceeds three per cent of the assessed valuation of such property, and in determining in what taxing district or municipality is situated the taxable property upon which the highest aggregate rate per cent of taxes has been certified for extension. Among the appropriations made by the county commissioners of Massac county, upon which the tax levy for county purposes for 1911 was based, was an item of $10,000 for "roads and bridges," and among the appropriations made by the city of Metropolis, upon which the tax levy for city purposes for 1911 was based, was an item of $3800 for "streets, alleys and sidewalks." It is conceded by the parties to this appeal that unless said section 2 of the act above mentioned required the county clerk to exclude the amount appropriated and levied by the county commissioners for roads and bridges, and by the city of Metropolis for streets, alleys and sidewalks, in determining the aggregate rate per cent of all tax levies (exclusive of "State taxes, village taxes, levee taxes, school building taxes, high school taxes, road and bridge taxes," etc.,) certified for extension upon the taxable property in the city of Metropolis, then the highest aggregate rate per cent of all taxes certified for extension upon taxable property in the county of Massac was that certified for extension upon the taxable property in the city of Metropolis, and appellant's objections to $168.03 of the county tax extended against its property in Massac county should have been sustained. On the other hand, it is also conceded that if the county clerk was authorized by said section 2 to exclude the amounts appropriated and levied by the county commissioners for roads and bridges, and by the city of Metropolis for streets, alleys and sidewalks, in determining such aggregate rate per cent, then the county taxes were properly extended and the county court did not err in overruling appellant's objections.

It must be borne in mind that, technically speaking, neither a county nor a city has the power to levy a road

and bridge tax. The tax which a county is authorized to levy is known and designated as the "county tax" although it may include an item for road and bridge purposes, and the tax which a city is authorized to levy is known and des-. ignated as the "city tax" although it may include an item for streets, alleys and sidewalks. Whether the legislature intended by said section 2 to include the item in a county tax appropriated for road and bridge purposes and the item in a city tax appropriated for streets, alleys and sidewalks under the term "road and bridge tax" as not subject to reduction, is, in our opinion, answered by the language of said section 2 itself. By said section 2 various taxes, including road and bridge taxes, are excluded from those used by the county clerk in making his calculation as to whether the aggregate of all the taxes certified to be extended in any taxing district exceed three per cent of the assessed valuation of the property of such taxing district, and it is the evident intention of the act that the taxes so excluded shall not be subject to reduction in any event. After providing minutely for the method to be followed in making the necessary reduction of the taxes subject to reduction, said section 2 concludes, by its last proviso, as follows: *"Provided,* that no reduction of any tax levy made hereunder shall diminish any amount appropriated by corporate or taxing authorities for the payment of the principal or interest on bonded debt, or levied pursuant to the mandate or judgment of any court of record. And to that end every such taxing body shall certify to the county clerk with its tax levy, the amount thereof required for any such purposes. In case of a reduction hereunder any taxing body whose levy is affected thereby and whose appropriations are required by law to be itemized, may, after the same have been ascertained, distribute the amount of such reduction among the items of its appropriations, with the exceptions aforesaid, as it may elect. If no such election be made within three months after the extension of

such tax, all such items, except as above specified, shall be deemed to be reduced *pro rata.*" It will be seen by this proviso that when a county tax is reduced, the county board may distribute the amount of the reduction among the items' of its appropriations, with the exception of any item which may have been appropriated and levied for the payment of · the principal or interest on bonded debt or pursuant to the mandate or judgment of any court of record, as it may elect, and if election be not made, that all such items, including the item for road and bridge purposes, shall be deemed to be reduced *pro rata.* The same is also true of the city councils of cities. It will thus be seen that by the provisions of this act an item of a county appropriation for road and bridge purposes, or an item of a city appropriation for streets, alleys and sidewalks, is subject to reduction.

Bearing in mind that the items excluded by this section from the calculation of the county clerk to determine whether the three per cent limit has been exceeded are in no event to be subject to reduction, and regarding the section as a consistent enactment, it must follow that by the use of the term "road and bridge taxes" among the taxes so excluded the legislature intended to refer only to such taxes as are authorized by the statute to be levied under the express designation of "road and bridge taxes" and separately certified to the county clerk for extension as such, and did not mean to include items of a county tax or a city tax which might be appropriated for road and bridge purposes. Under this construction of the statute the county court erred in overruling the objections and in entering judgment against the property of appellant.

The judgment of the county court is reversed and the cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*